NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUDSON HOSPITAL OPCO, LLC—d/b/a CAREPOINT HEALTH—CHRIST HOSPITAL, IJKG, LLC; IJKG PROPCO LLC and IJKG OPCO LLC d/b/a CAREPOINT HEALTH—BAYONNE MEDICAL CENTER; and HUMC OPCO LLC d/b/a CAREPOINT HEALTH—HOBOKEN UNIVERSITY MEDICAL CENTER, <br><br> *Plaintiffs*, <br><br> v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY and CONNECTICUT GENERAL LIFE INSURANCE COMPANY, <br><br> *Defendants*. | Civil Action No. 22-04964 <br><br> **OPINION** <br><br> September 12, 2024 |

**SEMPER**, District Judge.

Before the Court is Defendants Cigna Health and Life Insurance Co. and Connecticut General Life Insurance Co.'s (together, "Defendants" or "Cigna") motion to dismiss the Second Amended Complaint (ECF 43, "SAC") of Plaintiffs Hudson Hospital OPCO, LLC d/b/a CarePoint Health—Christ Hospital; IJKGs, LLC; IJKG PROPCO LLC; and HUMC OPCO LLC d/b/a CarePoint Health—Hoboken University Medical Center, (together, "Plaintiffs" or "CarePoint"). (ECF 56, "Motion").[1] Having considered the parties' submissions, the Court decides this matter

---

[1] Defendants' brief in support of its motion (ECF 56-1) will be referred to as "Defs. Br."; Plaintiffs' opposition to Defendants' motion to dismiss (ECF 59) will be referred to as "Pl. Opp."; and Defendants' reply brief (ECF 64) will be referred to as "Defs. Reply".

without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, Defendants' motion is **GRANTED** and Plaintiffs' Second Amended Complaint is dismissed with prejudice.

## I. FACTUAL[2] AND PROCEDURAL BACKGROUND

Plaintiffs, healthcare providers in New Jersey, brought suit pursuing claims for benefits for thousands of beneficiaries—including employer-sponsored benefit plans and individual health benefit plans (the "Plans"). Plaintiffs allege that Defendants engaged in an intentional and unlawful pattern of underpaying Plaintiffs, which were out-of-network for claims submitted to Defendants for medical treatment provided to patients covered by the Plans and provided or administered by Defendants. (ECF 43, SAC ¶ 10.) As a result, Plaintiffs contend that Defendants failed to pay the amounts required for at least 4,708 claims for reimbursement, totaling over one hundred million dollars ($100,000,000) in underpayments. (*Id.* ¶ 11.) Plaintiffs calculate this figure by taking their full billed charges and subtracting Cigna's payments to date, along with estimated patient cost-share for deductibles, co-insurance, and co-payments. (*See id.* ¶¶ 107-08; ECF 48, Ex. G.)

For purposes of the instant motion, the Court does not retrace this case's full factual and procedural history. This Court's October 3, 2023 Opinion granting Defendants' motion to dismiss the First Amended Complaint ("FAC") includes a detailed recounting of the factual background of this matter. (*See* ECF 40, "October Opinion.") To the extent relevant to the instant motion, the Court incorporates the factual and procedural history from the October 3, 2023 Opinion on the motion to dismiss Plaintiffs' FAC. (*Id.*)

---

[2] The factual background is taken from Plaintiffs' SAC. (ECF 43.) When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in a complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Moreover, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Goldenberg v. Indel, Inc.*, 741 F. Supp. 2d 618, 624 (D.N.J. 2010) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)).

In the Second Amended Complaint, Plaintiffs assert six counts: Count I: violations of ERISA § 502(a)(1)(B) (SAC ¶¶ 125-39); Count II: violations of ERISA § 502(a)(3) by violating ERISA fiduciary duties of loyalty and due care (*id.* ¶¶ 140-48); Count III: breach of contract – non-ERISA (*id.* ¶¶ 149-56); Count IV: breach of the duty of good faith and fair dealing – non-ERISA (*id.* ¶¶ 157-63); Count V: quantum meruit—non-ERISA (*id.* ¶¶ 164-77); and Count VI: violation of New Jersey Health Claims Authorization, Processing and Payment Act ("HCAPPA") —non-ERISA and fully-insured ERISA claims (*id*. ¶¶ 178-87).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

In evaluating a plaintiff's claims, the Court considers the allegations in the complaint, as well as the documents attached thereto and specifically relied upon or incorporated therein. *See*

*Sentinel Tr. Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment.") (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)) (internal quotation marks omitted)).

### III. ANALYSIS

#### a. Violation of ERISA Section 502(a)(1)(B) – Count I

For both elective and emergency services claims, Plaintiffs allege that they were owed—and did not receive—at least their normal charges by Defendants. (SAC, ¶¶ 80-84, 100-11.) Foremost, Defendants argue that Plaintiffs have failed to state a 502(a)(1)(B) claim because Plaintiffs have still failed to identify plain language or otherwise properly allege that they are owed unpaid benefits under specific terms from the Plans. (Defs. Br. at 11.) The Court agrees with Defendants.

Section 502(a)(1) provides that a "participant or beneficiary" of an ERISA plan may bring a civil action "to recover benefits due to h[er] under the terms of h[er] plan, to enforce h[er] rights under the terms of the plan, or to clarify h[er] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). To state a claim for relief under § 502(a)(1)(B), a plaintiff "must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006). In order to plead sufficient facts to state a claim for relief, the plaintiff must identify a specific provision of the plan for which a court can infer this legally enforceable right. *See, e.g., Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 WL 1420496, at *10 (D.N.J. Mar. 22, 2018); *Gotham City Orthopedics, LLC v. Cigna Health &*

*Life Ins. Co.*, No. 21-1703, 2022 WL 2116864, at *2 (D.N.J. June 13, 2022); *Metro. Neurosurgery v. Aetna Life Ins. Co.*, No. 22-0083, 2023 WL 5274611, at *4 (D.N.J. Aug. 16, 2023); *Univ. Spine Ctr. v. Edward Don & Co., LLC*, No. 22-3389, 2023 WL 4841885, at *6 (D.N.J. July 28, 2023). A vague pleading that benefits are due is not sufficient. *Emami v. Community Ins. Co.*, No. 19-21061, 2021 WL 4150254, at *5 (D.N.J. Sept. 13, 2021); *Atl. Plastic & Hand Surgery, PA*, 2018 WL 1420496, at *10. In addition, "several . . . decisions from this District have granted motions to dismiss in instances where a plaintiff has failed to tie his or her allegations of ERISA violations to specific provisions of an applicable plan." *K.S. v. Thales USA, Inc.*, No. 17-7489, 2019 WL 1895064, at *6 (D.N.J. Apr. 29, 2019).[3]

In support of the Section 502(a)(1) claim, Plaintiffs allege the Cigna Plans require Cigna, as the Plans' insurer and/or administrator, to reimburse out-of-network hospitals for covered expenses calculated at the rates specified in the Plans, which are derived from the Plans' MRC or R&C amounts, less patient responsibility amounts such as co-insurance, deductibles, and co-payments under the Plans. (SAC ¶ 132.) Plaintiffs contend that Cigna engaged in "Self-Dealing" under the Cigna plans through its "Cost-Containment Program" and in so doing, Cigna's "cost-containment" program created a built-in incentive for Cigna and its business partners to have the Plans reimburse valid health care claims as little as possible and well below what the Plans actually require. (*Id.* ¶¶ 120-23.) Specifically, Plaintiffs allege Cigna violated the Cigna Plans' requirements, and the Greatest of Three regulation, by reimbursing the CarePoint Hospitals "well below" the MRC or R&C amounts, less patient responsibility amounts such as co-insurance,

---

[3] As this Court previously recognized, "each patient's assigned claim is an individual breach of contract"—so the plaintiff-provider "must plead enough facts, with enough detailed information, to make these breach-of-contract claims plausible" for each individual claim. (*See* ECF 56-3, Ex. 1, "ES AGL Order" at 3-4.) Thus, for each of their claims, Plaintiffs must at the very least: (1) identify the plan provision that governs reimbursement for the service at issue, and (2) show that Cigna actually breached that provision by paying less than what that particular benefit plan requires.

deductibles, and co-payments under the Plans. (*Id*. ¶ 135.) However, in making this claim, Plaintiffs do not point to, describe, or quote any language from the actual Cigna Plans that they claim entitle them to reimbursement for elective services on the thousands of allegedly underpaid claims. Instead, Plaintiffs generally allege that the Cigna Plans in question require Cigna to "reimburse out-of-network hospitals for covered expenses calculated at the rates specified in the Plans, which are derived from the Plans' MRC or R&C amounts, less patient responsibility amounts such as co-insurance, deductibles, and co-payments under the Plans." (*Id*. ¶ 132). In support of this premise, Plaintiffs offer a spreadsheet with excerpts of MRC-1, MRC-2, and R&C definitions from various plans that Cigna produced in discovery. (*See* ECF 44, Ex. A.) However, the SAC is still missing well-pled allegations to show that any of those plan provisions actually required Cigna to pay Plaintiffs' disputed claims at the charges alleged. This is fatal to Plaintiffs' ERISA benefits claim. *See Robinson v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 WL 6258881, at *4 (D.N.J. Nov. 30, 2018) (there is no "viable claim under § 502(a)(1)(B)" where the complaint "points to relevant provisions in the Plan but fails to allege what amount Plaintiff should be entitled to under those provisions[.]").

Despite a detailed opinion from Judge Salas with respect to Plaintiffs' FAC, Plaintiffs' SAC contains nearly identical pleading deficiencies and Plaintiffs have still not identified in their SAC the specific plan terms that support the theory that Cigna is obligated to pay their claims for both elective and emergency services based on the Plans' "Maximum Reimbursable Charge" ("MRC") or "Reasonable and Customary ("R&C") language. (ECF 59, Pl. Opp. at 9.) Indeed, as discussed briefly above, "[a] plaintiff seeking to recover under [this section] must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." *K.S.*, 2019 WL 1895064, at *4 (quoting *Hooven,* 465 F.3d at 575).

6

For example, in *Atlantic Plastic and Hand Surgery, PA v. Anthem Blue Cross and Health Ins. Co.*, Chief Judge Wolfson determined that the complaint failed to plausibly state a claim for denial of benefits pursuant to Section 502(a). No. 17-4600, 2018 WL 1420496, *10 (D.N.J. Mar. 22, 2018). Chief Judge Wolfson explained that the plaintiff's allegation that the defendants failed to pay the plaintiff's usual and customary amount did not indicate that the defendants were required to do so under the applicable plan. *Id.* Judge Wolfson also noted that several courts have dismissed similar ERISA counts when the complaint failed to identify the plan provision that was allegedly violated. *Id.* at *11 (citing *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13-552, 2015 WL 3938925, at *5 (D.N.J. June 25, 2015), *aff'd*, 650 Fed. Appx. 106 (3d Cir. 2016)); *see also K.S.*, 2019 WL 1895064, at *4 (dismissing claim for full payment to out-of-network provider pursuant to Section 502(a) because "the Amended Complaint fails entirely to specify which portion of the Thales Plan the alleged underpayment violated"). Plaintiffs' claims here fail for the same reasons. Specifically, as Judge Salas recognized, to plead Count 1, Plaintiffs must show they are entitled to relief under the terms of each Plan for each of the 4,700+ claims at issue. (ECF 40, October Opinion at 8-10.) As such, under the MRC-1, R&C, and MRC-2 Plans, Plaintiffs must plead that Defendants did not pay "the lesser of" Plaintiffs' "normal charges" or the Plan-established rates.[4] However, Plaintiffs failed to plead either in the SAC.[5]

---

[4] Even if the Court found MRC-1 and R&C Plans required the use of FAIR Health, Plaintiffs have not pled they were paid less than those rates, as they must. (ECF 56-1, Defs. Br. at 22 (citing *Robinson v. Anthem Blue Cross Life & Health Ins. Co.*, 2018 WL 6258881, at *4 (D.N.J. Nov. 30, 2018)).) Instead, Plaintiffs speculate "[u]pon information and belief" that because they were not paid billed charges, they were paid less than the 80th percentile of FAIR Health. (SAC ¶ 107.) Again, this is not enough to survive a motion to dismiss. *See Gotham*, 2022 WL 2116864, at *2.

[5] Plaintiffs assert their billed charges are the "normal charges" referenced in the Plans they cite, however, courts in this District have rejected that interpretation. (ECF 64, Defs. Reply at 2 (citing ECF. 56-3, Ex. 1, ES AGL Order, at 2-3, *Franco v. Conn. Gen. Life Ins. Co.*, 289 F.R.D. 121, 138 (D.N.J. 2013)).) Even if Plaintiffs' argument that their normal charges were their billed charges was persuasive, Plaintiffs also failed to plead that Defendants were wrong in applying lower Plan-established rates pursuant to the "lesser of" language in the MCR-1, R&C, and MRC-2 Plans. First, the case law instructs that Plaintiffs cannot plead around the unambiguous terms of the Plans based upon speculative "upon information and belief" allegations. *See Gotham City Orthopedics, LLC v. Cigna Health & Life Ins. Co.*, No. 21-1703, 2022 WL 2116864, at *2 (D.N.J. June 13, 2022). Regardless, Plaintiffs do not have a good

While Plaintiffs argue that the SAC offers new allegations because the "Chargemaster" rates are their "normal charges" (ECF 59, Pl. Opp. at 11), this argument is unavailing and amounts to a distinction without a difference. The amount Plaintiffs seek is unchanged; only the labels Plaintiffs have assigned the charges have changed, not the substantive allegations. Indeed, Plaintiffs submitted a spreadsheet identifying the claims at issue for each iteration of the complaint, and in each of those spreadsheets Plaintiffs have claimed they are owed their charges referring to this as "Total Charges" in Exhibit 6 to the Complaint, and then "Chargemaster" rates in Exhibit G to the FAC and the SAC. Thus, the numbers have not changed, only the "labels," which is not enough to plead a plausible claim. (ECF 56-3, Ex. 1, ES AGL Order at 2-3 ("[I]t is inappropriate to conflate billed charges with normal charges" and "[w]hile Plaintiffs appear to insist that they are seeking some amount less than their billed charges, they do not identify what that amount is or what facts support their entitlement to it.").)[6]

Because Plaintiffs fail to sufficiently allege that Cigna was required to pay the identified amounts, Defendants' Motion to Dismiss is **GRANTED** and Count 1 of the SAC is **DISMISSED with prejudice.**

---

faith basis to plead, even "upon information and belief," that Cigna did not develop a MRC-2 schedule. (ECF 64, Defs. Reply at 4.) Plaintiffs also fail in their theory that MRC-1 and R&C plans must be paid using percentiles of FAIR Health.  First, even though they looked at over 60 MRC-1 and R&C Plans, Plaintiffs cannot point to any Plan that says Cigna must use FAIR Health rates to calculate MRC-1 or R&C. Plaintiffs try to solve this problem by using "[u]pon information and belief" allegations that Cigna selected the FAIR Health (SAC ¶¶ 77, 86), but, again, this is insufficient. *See Gotham*, 2022 WL 2116864, at *2.

[6] Many Courts in this district have determined that it is inappropriate to conflate billed charges with normal charges. *See Franco v. Connecticut General Life Insurance Company*, 289 F.R.D. 121, 138 (D.N.J. 2013); *University Spine Center v. Edward Don & Company, LLC*, No. 22-3389, 2023 WL 4841885, at *6 (D.N.J. July 28, 2023) ("While the SAC quotes the Maximum Reimbursable Charge provision which provides, in part, that the provider's normal charge for a similar service may determine the benefit due, the remaining allegations in the SAC make no reference to the normal charge. They instead allege entitlement to the billed amount. But [t]he distinction between the terms billed charge and normal charge is not . . . merely semantic or hypothetical, and the Plan does not provide that the billed amount may serve as an alternate basis for paying the claims." (internal quotation marks and citations omitted)).

b.  **ERISA § 502(a)(3) – Count II**

Because, as explained above, Plaintiffs have not adequately alleged that Defendants failed to reimburse Plaintiffs at their normal charges and thus underpaid Plaintiffs under the Plans, the fiduciary duty claims cannot succeed. (*See* ECF 40, October Opinion at 10[7] ("Plaintiffs' § 502(a)(3) claims all derive from the allegation that Defendants underpaid them in violation of the relevant Plans—an allegation that, as described, Plaintiffs have failed to properly plead. . . . Thus, Plaintiffs' § 502(a)(3) claims fail as well.")); *cf. Plastic Surgery Ctr., P.A. v. Cigna Health and Life Ins. Co.*, No. 17-2055, 2018 WL 2441768, at *14, n.14 (D.N.J. May 31, 2018) ("[T]he Court has already ruled that Plaintiff has failed to adequately plead a negligent misrepresentation claim, and thus, this allegation cannot serve as the basis for Plaintiff's § 502(a)(3) claim.").

Defendants' Motion to Dismiss is **GRANTED** and Plaintiffs' fiduciary duty claims under Count II are therefore **DISMISSED with prejudice**.

c.  **State Law Claims**

Plaintiffs' remaining claims—breach of contract (Count III), breach of the covenant of good faith and fair dealing (Count IV), quantum meruit (Count V), and violation of New Jersey Health Claims Authorization, Processing and Payment Act ("HCAPPA") (Count VI)—all fail under state law. Because the Court is dismissing the only federal claims in this case, the Court

---

[7] In the Court's October 3, 2023 Opinion, Judge Salas noted that "[all] of Plaintiffs' claims for breach of fiduciary duty involve the Defendants not following Plan provisions or procedures, improperly making benefit determinations under the Plans, refusing to settle the benefits claims, violating laws in their application of the Plans' payment provisions, and misusing funds which allegedly should have been used to pay Plaintiffs' benefits claims. But, as described above, Plaintiffs have not adequately alleged that Defendants violated any provision of the Plans or underpaid Plaintiffs under any specifically identified provision of the Plans. Thus, Plaintiffs' § 502(a)(3) claims fail as well." (ECF 40, October Opinion at 20.)  Here, despite arguing the SAC now properly alleges violation of fiduciary duties through self-dealing and beneficial "financial arrangements," Plaintiffs' Opposition still generally repackages its deficient allegations from the FAC which the Court already rejected. (Pl. Opp. at 20 (arguing Cigna has "a built-in incentive" to pay claims "well below what the Plans actually require").) Therefore, Judge Salas's prior analysis that Plaintiffs' breach of fiduciary duty claim hinged on whether Defendants paid the claims properly pursuant to the Plans continues to apply here and Plaintiffs' duplicative breach of fiduciary duty claim is dismissed.

declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3) ("[T]he district court[ ] may decline to exercise supplemental jurisdiction [if] . . . the district court has dismissed all claims over which it has original jurisdiction."); *Demaria v. Horizon Healthcare Servs.*, No. 11-7298, 2012 WL 5472116, at *5 (D.N.J. Nov. 9, 2012) (dismissing ERISA claims and declining to exercise supplemental jurisdiction over remaining state law claims); *Somerset Orthopedic Assocs., P.A. v. Horizon Healthcare Servs.*, No. 19-8783, 2021 WL 3661326, at *8-9 (D.N.J. Aug. 18, 2021) (same); *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (ECF 56) is **GRANTED** and Plaintiffs' Second Amended Complaint (ECF 43) is **DISMISSED with prejudice.** An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: James B. Clark, U.S.M.J.
    Parties